## MICHAEL GINZ v. JOHN B. STUMPH ET AL.

*Assignment of Association Stock as Collateral Security.*—It is allowable to show that an assignment of such stock was for the purpose of collateral security merely, notwithstanding such an assignment is absolute in form and is even required to be thus absolute in form by the rules of the association.

Filed May 19, 1871.
Appeal from Marion Superior Court.
John S. Reid and Charles Coulon & Son for appellant.
Duncan, Smith & Duncan for appellees.
Opinion of the court by Mr. Justice Woods.

The appellee recovered judgment against the appellants upon a promissory note, and upon appeal to the general term the judgment of the special term was affirmed.   The only contention is whether the finding and judgment is according to the law and the evidence of the case ; and, made more narrow still, the dispute is whether the assignment of two shares of stock in a building association made by the appellants to the appellee was made absolutely and in payment of the note, or only as a collateral security for the payment thereof.   There is ample evidence in the record on both sides of this question and that being so, it is settled by cases too numerous and common to justify citation, that this court cannot review or reverse the action of the court which tried the case.   The fact that the assignment was absolute in terms, did not conclude the question and, notwithstanding the declaration of the officers of the association that the stock could not be assigned as a security or collateral, it was competent for the parties to make a transfer for such purpose though made, and even if required by the rules of the association to be made, in absolute form.

Judgment affirmed with costs.